IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 20, 2017

**DENNIS RASHEED GAYE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 104332      Bob R. McGee, Judge**

_____

**No. E2017-00793-CCA-R3-PC**

_____

The Petitioner, Dennis Rasheed Gaye, appeals from the Knox County Criminal Court's denial of his petition for post-conviction relief from his 2014 guilty plea to possession with intent to sell 0.5 gram or more of cocaine within 1000 feet of a drug-free childcare zone, for which he is serving an eight-year sentence. The Petitioner contends that the post-conviction court erred by failing to dismiss the indictment because the judgment did not reflect the proper conviction. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Dennis Rasheed Gaye, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffery D. Zentner, Assistant Attorney General; Charme Allen, District Attorney General; and Hector Sanchez, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was indicted for possession with the intent to sell 26 grams or more of cocaine within 1000 feet of a drug-free childcare zone. *See* T.C.A. §§ 39-17-417(a)(4),(i)(5) (2014), 39-17-432 (2014). Pursuant to a plea agreement, the Petitioner pleaded guilty to possession with the intent to sell 0.5 gram or more of cocaine within 1000 feet of a drug-free childcare zone, a Class B felony. *Id.* §§ 39-17-417(a)(4),(c)(1) (2014), 39-17-432 (2014). Based upon the plea agreement, the Petitioner was sentenced to eight years' incarceration and ordered to pay a $2000 fine. The Petitioner also pleaded guilty to possession of marijuana and evading arrest, which are not relevant to this appeal.

The judgment of conviction reflects that the Petitioner was convicted of possession with the intent to sell 26 grams or more of cocaine within 1000 feet of a drug-free childcare zone, a Class B felony. The Petitioner filed a post-conviction petition, alleging that the indictment should be dismissed because the judgment did not reflect the proper conviction offense.

At the April 19, 2017 post-conviction hearing, the Petitioner recalled the assistant district attorney's discussing the plea agreement with him before the guilty plea hearing. The Petitioner stated that he pleaded guilty to possession with the intent to sell 0.5 gram or more of cocaine, not 26 grams or more. A portion of the guilty plea hearing transcript was received as an exhibit and reflected that the trial court accepted the Petitioner's guilty plea to possession with the intent to sell 0.5 gram or more of cocaine within 1000 feet of a drug-free childcare zone.

The Petitioner testified that the judgment of conviction reflected the Petitioner was convicted of possession with the intent to sell 26 grams or more of cocaine within 1000 feet of a drug-free childcare zone. The Petitioner acknowledged that possession with intent to sell 26 grams or more of cocaine and possession with the intent to sell 0.5 gram or more of cocaine were both class B felonies.

The State agreed that the Petitioner pleaded guilty to possession with the intent to sell 0.5 gram or more of cocaine within 1000 feet of a drug-free childcare zone. The State argued that the incorrect amount in the judgment was a clerical error. The post-conviction court agreed and determined that the error did not prejudice the Petitioner. The court ordered correction of the judgment to reflect a conviction for possession with the intent to sell 0.5 gram or more of cocaine within 1000 feet of a drug-free childcare zone, and the court found that dismissing the indictment was not a proper remedy. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

The Petitioner contends that the trial court erred by failing to dismiss the indictment. The Petitioner relies on *State v. Yoreck*, 133 S.W.43d 606, 612 (Tenn. 2004), which stated that an indictment is not void if "(1) the trial court properly had subject

matter jurisdiction over the cases at issue, (2) it appears that the indictments were orally amended during the guilty plea proceedings, and (3) the judgments indicate the agreed amendments to the indictments . . . ." The Petitioner argues that because the judgment does not reflect the proper charge to which he pleaded guilty, the indictment is void. The Petitioner also argues that he was not given notice of the offense of which he was convicted because it was not reflected in the judgment. The State responds that the judgment contained a clerical error. We agree with the State.

The Petitioner's reliance on *Yoreck* is misplaced. Tennessee Rule of Criminal Procedure 36 states that a court "may at any time correct clerical mistakes in judgments . . . arising from oversight or omission." Clerical errors arise "simply from a clerical mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). Our supreme court has held that "to determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). If a conflict between the transcript and the judgment exists, then the transcript of the court's oral statements control. *Id*.

The record reflects that a discrepancy exists between the guilty plea hearing transcript and the judgment. The transcript reflects that the Petitioner pleaded guilty to possession with the intent to sell 0.5 gram or more of cocaine within 1000 feet of a drug-free childcare zone and that the court found the Petitioner guilty of this offense. The judgment reflects a conviction for possession with the intent to sell 26 grams or more of cocaine within 1000 feet of a drug-free childcare agency. The post-conviction court properly determined that the judgment contained a clerical error. Likewise, the court properly ordered the judgment to be corrected to reflect the charge to which the Petitioner pleaded guilty. The record supports the post-conviction court's determination that the judgment was a clerical error.

The record reflects that the Petitioner had proper notice of the charge against him. The guilty plea submission form, signed by the Petitioner, and the guilty plea hearing transcript reflect the conviction offense as possession with the intent to sell 0.5 gram or more of cocaine within 1000 feet of a drug-free childcare zone. The Petitioner is not entitled to relief.

The judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE